BOND, Justice.
 

 The defendant was convicted of the crime of armed robbery and was sentenced, as a second offender, to serve a term at hard labor in the State Penitentiary for fifteen years. His appeal brings up five bills of exception which, however, present only two points:
 

 1. A plea to the jurisdiction of the trial court; and
 

 2. The admissibility of the defendant’s confession.
 

 The first point is based on the fact that an affidavit charging the offense was-filed against the defendant and was allotted to Section “B” of the Criminal District Court for the Parish of Orleans; that subsequently another affidavit, charging the defendant and another man with the joint commission of the same offense, was filed and allotted to Section “C” of that court.
 

 The defendant’s contention that Section “C” is without jurisdiction to try the case
 
 *364
 
 because of the prior allotment to Section “B” is without merit. In State of Louisiana v. Fogarty et al. (No. 38,421 of the Docket of this court) this same issue was raised and we refused to grant relator’s application for writs, having found no merit in applicant’s contention that the district judge was in error in reallotting the case. This Court sees no reason for a reversal of its previous ruling and, therefore, the reallotment to Section “C” of the Criminal District Court for the Parish of Orleans was proper.
 

 The defendant’s second point is based on the ground that the State has failed to prove beyond a reasonble doubt that the confession of the defendant was voluntary. It is the contention of the defendant that the evidence1 shows that he was severely beaten by the police and that his confession resulted from his desire to escape further punishment.
 

 The evidence shows that defendant claims that he was beaten while in the custody of the police authorities, which was from December 12th to December 17th. Defendant confessed his guilt to an assistant district attorney on December 15th, at which time he did .not complain of any beating by the police. On the 17th, he was surrendered to the criminal sheriff for the Parish of Orleans, at which time he .again failed to complain. During the time he was incarcerated in the Parish Prison he made no complaint, and it was not until December 27th, when, according to the testimony of a reporter for the New Orleans Item, that the defendant showed the reporter his arms and legs which were thickly covered with marks that appeared to be old bruises.
 

 The contention that the defendant was beaten while in the possession of the police authorities is purely a question of fact. The trial court heard the evidence and held that the confession was voluntary. .This Court finds no reversible error in that holding.
 

 For the reasons assigned, the verdict of the jury and the sentence of the court are affirmed.
 

 O’NIELL, absent.